# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**JEFFREY C. ZANDER,**

                **Plaintiff,**

      v.                                 **CASE NO.  16-3065-SAC-DJW**

**C. MAYE,**

                **Defendant.**

## NOTICE AND ORDER TO SHOW CAUSE

Plaintiff is hereby required to show good cause in writing to the Honorable Sam A. Crow, United States District Judge, why this action brought under *Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 91 S. Ct. 1999 (1971) should not be dismissed for failure to state a claim. If plaintiff fails to show good cause within the time prescribed herein, this action may be dismissed without further notice.

Mr. Zander, while an inmate of the United States Penitentiary in Leavenworth, Kansas ("USP Leavenworth"), filed this pro se civil complaint under *Bivens*. He proceeds in forma pauperis.[1] Plaintiff alleges that defendant, the warden at USP Leavenworth, violated the constitution by denying him access to legal materials. Specifically, plaintiff alleges that when he voluntarily surrendered to federal custody on January 8, 2014, in Omaha, Nebraska, he brought along a briefcase full of paper legal documents and three USB drives which contained numerous additional legal documents. Plaintiff's legal materials were subsequently confiscated: the paper

---

[1] On March 24, 2016, the court granted plaintiff's motion for leave to proceed in forma pauperis and directed plaintiff to pay an initial partial filing fee of $22.50 within 14 days of receiving the order. Plaintiff made the initial payment on April 21, 2016.

documents were sent to plaintiff's next of kin and the USB drives were put in a personal property bag which accompanied plaintiff to USP Leavenworth.  Plaintiff alleges that when he arrived at USP Leavenworth on January 28, 2014, someone showed plaintiff the envelope that contained the USB drives and told him the drives were contraband that he was prohibited from having while in custody.  Beginning in February of 2014, plaintiff sought to recover the USB drives with the assistance of his counselor, Mr. Swanson, but Mr. Swanson could not locate them and eventually told plaintiff they had been "misplaced."  Plaintiff alleges that in June of 2014, he spoke to defendant, who directed Mr. Swanson to search for the missing materials, again to no avail.  Plaintiff alleges that he then researched BOP policy to determine how to recover his legal materials and seemingly decided that his best option was to seek a furlough to recover the documents himself.  Plaintiff's eventual furlough request was denied, and on March 21, 2016, he filed this action asking the court to order defendant to produce the three USB drives or to grant plaintiff a 21-day furlough to travel to Salt Lake City, Utah and Craig, Nebraska to recover his legal materials, plus $450.00 in travel costs.

The court is required by statute to screen the complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief.  28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B).  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48-49 (1988)(citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992).  A pro se party's complaint must be given a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  However, a party proceeding pro se has "the burden of alleging sufficient

facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991).

Having considered plaintiff's allegations, the court finds the complaint is subject to summary dismissal because plaintiff's claims are time-barred. The Supreme Court directs courts to look to state law for the appropriate period of limitations in cases filed under 42 U.S.C. § 1983. *Wilson v. Garcia*, 471 U.S. 261, 266–67 (1985). In Kansas, that period is two years. *See Baker v. Board of Regents of State of Kan.*, 991 F.2d 628, 630–31 (10th Cir. 1993) (two-year statute of limitations in K.S.A. 60–513 applies to civil rights actions brought pursuant to 42 U.S.C. § 1983). The court looks to state law for tolling rules, just as it does for the length of statutes of limitations. *Wallace v. Kato*, 549 U.S. 384, 395, 127 S. Ct. 1091, 1098-99 (2007). A prisoner's civil rights complaint may be dismissed sua sponte as time-barred, typically after giving the prisoner notice of the timeliness issue and an opportunity to provide the necessary showing. *See, e.g., Starr v. Kober*, 642 Fed. App'x 914, 2016 WL 929724, at *4 (10th Cir., March 11, 2016). Plaintiff alleges a purported constitutional violation which occurred in January of 2014 – more than two years before he filed his complaint on March 21, 2016 – and the complaint contains no allegations to establish a factual basis for tolling the statute. *See Aldrich v. McCulloch Properties, Inc.*, 627 F.2d 1036, 1041 n.4 (10th Cir. 1980) (holding that when the dates given in the complaint make clear that the right sued upon has been extinguished, plaintiff has the burden to establish a factual basis for tolling the statute).

The court further finds that the complaint is subject to dismissal because it fails to state a claim upon which relief can be granted. To state a *Bivens* claim, plaintiff must allege direct personal participation by the defendant in the constitutional deprivation. *See Steele v. Fed. Bureau of Prisons,* 355 F.3d 1204, 1214 (10th Cir. 2003), *abrogated on other grounds by Jones v.*

*Bock*, 548 U.S. 199, 127 S.Ct. 910, 166 L.Ed2d 798 (2007).  A Bivens action cannot be brought against a defendant in his official capacity.  *Id.*  Plaintiff's complaint contains no allegations that defendant personally participated in the alleged deprivation of his legal materials.  Rather, the only conduct ascribed to defendant in the complaint is that defendant directed Mr. Swanson to search for the missing records.  Accordingly, the complaint states no claim upon which relief can be granted.

**IT IS THEREFORE BY THE COURT ORDERED** that plaintiff is given twenty-one (21) days to show good cause in writing to the Honorable Sam A. Crow, United States Senior District Judge, why plaintiff's complaint should not be dismissed as time-barred and for failure to state a claim upon which relief can be granted.

**IT IS SO ORDERED**.

Dated this 9th day of January, 2017, in Kansas City, Kansas.

<u>s/ David J. Waxse</u>
**David J. Waxse**
**U.S. Magistrate Judge**